IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HENRY MICHAEL BERNS,

                        Plaintiff,

          v.                                                        OPINION and ORDER

WISCONSIN DCC and CHASTITY FITZGERALD,                              23-cv-726-jdp

                        Defendants.

---

Plaintiff Henry Michael Berns, without counsel, is currently detained in Clayton County, Iowa. Berns alleges that a Wisconsin probation officer wrongfully issued a warrant for his arrest. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Berns's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

Berns's allegations are extremely cursory: he states that probation officer Chastity Fitzgerald "lied about [him] getting a hotel room down the street then overtly issued a warrant for [his] arrest prior to proof of [him] leaving the state or [revocation] charges being filed." Dkt. 1, at 4. He names Fitzgerald and the Wisconsin Division of Community Corrections as defendants, and he asks this court to "vacate probation, dissolve current revocation status and detainer." *Id.* at 5.

Berns doesn't state any claims that this court can allow to proceed. He can't sue the Wisconsin Division of Community Corrections: the state and its agencies are not persons that can be sued for constitutional violations in a lawsuit like this one brought under 42 U.S.C. § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65–66 (1989). Defendant Fitzgerald is immune from being sued for signing an arrest warrant. *See Smith v. Gomez*, 550 F.3d 613, 617–18 (7th Cir. 2008) (parole and probation agents entitled to absolute judicial immunity for "quasi-judicial" functions they perform as part of revocation proceedings). And this court cannot issue a judgment necessarily implying that Berns' revocation was unjustified or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023). So I cannot consider a claim that Fitzgerald falsified evidence on the warrant, nor can I vacate Berns's revocation.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Berns's claims is appropriate because I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court.

Because Berns fails to state a claim upon which relief might be granted I will dismiss this case and direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

Berns has filed a motion for appointment of counsel, Dkt. 7, which I will deny as moot because I am dismissing the case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for appointment of counsel, Dkt. 7, is DENIED as moot.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered January 19, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge